[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On or about June 18, 1999, the plaintiff, Bishnu Persaud, filed this action against his employer, the defendant, Capewell Components Company, LLP (hereinafter, Capewell), alleging that Capewell intentionally injured him by requiring him to work with dangerous and defective machinery which it knew was substantially certain to cause injury. Capewell first filed its answer denying the allegations and then, on December 27, 2000, sought to intervene as a co-plaintiff, pursuant to the Workers' Compensation Act (hereinafter, the Act), General Statutes § 31-293.[1] Capewell maintains that because the plaintiff's injuries arose in the course of his employment and it has paid sums of money pursuant to the Act, it is entitled to intervene.
The plaintiff objects[2] to this motion essentially arguing that the above referenced section and intervention mechanism does not apply to actions by an employee against an employer. This court agrees. The legislature authorized suits by an employee against "a person other than an employer" only and further allowed an employer such as Capewell, who has paid compensation under the Act, to bring a suit "against such person." See General Statutes § 37-293 (a); see also Chotkowski v.State, 240 Conn. 246, 277, 690 A.2d 368 (1997) ("Our rules of statutory construction are clear. If words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive. . . . `Where [a] statute presents no ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature.'"). Capewell, as the employer, cannot bring suit against itself. This same conclusion was reached in Vitale v. Ravizza Bros., Inc., Superior Court, judicial district of New Britain at New Britain, Docket No. 497335 (December 18, 2000, Shapiro, J.) (28 Conn.L.Rptr. 651); Miller v. NexusCorp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345522 (October 1, 1999, Melville, J.) (25 Conn.L.Rptr. 529);Kane v. Villafane, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 157326 (September 29, 1998,Karazin, J.) (22 Conn.L.Rptr. 605); Szilagyi v. The University Club ofHartford, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470482 (May 6, 1996, Arena, J.) (16 Conn.L.Rptr. 632); Scandura v. Friendly Ice Cream, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529109 (February 21, 1995, Wagner, J.) (13 Conn.L.Rptr. 512).
As noted by the plaintiff, the title to General Statutes § 31-293
reads, in part, "[l]iability of third persons to employer and employee." In construing the term "third party" in the context of an alteration or CT Page 8016 modification of a product under the product liability statutes, General Statutes § 52-572p, our Supreme Court stated in Elliot v. Sears,Roebuck Co., 229 Conn. 500, 508, 642 A.2d 709 (1994), that "[t]he term `third party' is not defined in the act. Where a statute . . . does not define a term, it is appropriate to focus upon its common understanding as expressed in the law and upon its dictionary meaning. . . . AirKaman,Inc. v. Groppo, 221 Conn. 751, 756-57, 607 A.2d 410 (1992). The dictionary definition of `third party' is `[o]ne not a party . . . to . . . an action'; Black's Law Dictionary (6th Ed. 1990); and therefore does not include a plaintiff." (Internal quotation marks omitted.) The same situation exists in this case.
Capewell argues that it should be allowed to intervene solely to prevent double recovery by the plaintiff.[3] The plaintiff, however, has indicated by its responses to Capewell's interrogatories, questions eighteen and nineteen, that it is not seeking damages for any sums paid by Capewell. Thus, this argument fails.
For the foregoing reasons, Capewell's motion to intervene is denied.
Berger, J.